### GIRARD v. CITY OF PAWHUSKA et al.

No. 16337—Opinion Filed Sept. 15, 1925.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action between Amelia Girard and City of Pawhuska et al. From the judgment, the former appeals. Dismissed.

H. P. White, for plaintiff in error.

Wilson, Murphey & Duncan, for defendant in error.

PER CURIAM. This is a companion case to H. P. White v. City of Pawhuska et al., No. 16338, involving the same question and containing the same statement of facts (113 Okla. —, 139 Pac. 578), and the opinion of the court in that case, dismissing the appeal, is the opinion of the court in this case. The appeal is dismissed.

---

### JOHNSON v. ROBERTS et al.

No. 16390—Opinion Filed Sept. 15, 1925.

(Syllabus.)

#### Appeal and Error—Parties — Unnecessary Parties—Dismissal as to Garnishees.

Where judgment has been rendered against garnishees and there is no question as to the correctness of the judgment, and they have paid the same into court, and have been discharged, and there remains only the question to be determined who is the proper party to receive the money, the garnishees are not necessary parties, and the appeal will be dismissed as to them.

Error from District Court, Atoka County; J. H. Linebaugh, Judge.

Action between Mary J. Johnson and Palo A. Roberts et al. From the judgment, the former brings error. Dismissed.

Utterback & Stinson, for plaintiff in error.

J. G. Ralls, for defendants in error.

Gordon Fryer, for Pacific Mutual Life Insurance Company.

Rittenhouse & Rittenhouse, for Mid-Continent Life Insurance Company.

PER CURIAM. Palo A. Roberts and James Hudspeth sued plaintiff in error, Mary J. Johnson, in the district court of Atoka county, and garnished the Pacific Mutual Life Insurance Company and the Mid-Continent Life Insurance Company. Judgment was rendered against plaintiff in error and the garnishees. The garnishees paid the judgment into court and were discharged, and they now move the dismissal of the appeal. The garnishees having fully discharged their obligation, the only question that remains to be determined is the question of who is entitled to receive the money, a matter in which they have no concern. We cannot see wherein they are necessary parties to the appeal, and the same is dismissed as to them.

Note.—See under (1) 3 C. J. p. 1015, § 970.